Order Form (01/2005)                                                                                                              N.P.

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 12 C 278 | DATE | 7/9/2012 |
| CASE TITLE | Laurel Blair, et al. vs. Associated Bank of Chicago, N.A. | | |

**DOCKET ENTRY TEXT**

Defendant's Motion to Dismiss Plaintiff's Complaint [8] is denied as moot. Defendant's Motion to Dismiss Plaintiffs' Amended Complaint [23] is granted.

■[ For further details see text below.]                                                                    Docketing to mail notices.

## STATEMENT

    Before the Court is Defendant Associated Bank, N.A.'s ("Defendant") motion to dismiss Plaintiffs Laurel Blair and Blair Worldwide, Inc.'s ("Plaintiffs") three-count Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, Defendant's motion is granted.

    To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). That is, a plaintiff's complaint "must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." Indep. Trust Corp. v. Stewart Info. Servs. Corp., 665 F.3d 930, 935 (7th Cir. 2012) (internal quotation marks and citation omitted). The Court accepts "all well-pleaded allegations of the complaint as true and view[s] them in the light most favorable to the plaintiff." Id. at 934 (internal quotation marks and citation omitted). Legal conclusions or elements of the cause of action, however, "may be disregarded on a motion to dismiss." McCauley v. City of Chi., 671 F.3d 611, 617 (7th Cir. 2011). "Dismissal is proper if it appears beyond a doubt that the plaintiff cannot prove any facts that would support his claim for relief." Wilson v. Price, 624 F.3d 389, 392 (7th Cir. 2010) (internal quotation marks and citation omitted).

    Plaintiffs allege fraud against Defendant in Count I of the Complaint. Plaintiffs claimed that the fraud resulted from several oral agreements and representations made to them by Defendant in reference to their line of credit and payments made at Defendant's bank. In Illinois, credit agreements are regulated by the Illinois Credit Agreements Act (the "ILCA"), 815 Ill. Comp. Stat. 160/1 et seq. The statute is "broadly worded" and "bars actions by a debtor 'on or in any way related to a credit agreement' unless there is a written agreement." First Nat'l Bank v. McBride Chevrolet, 642 N.E.2d 138, 142 (Ill. App. Ct. 1994) (quoting 815 Ill. Comp. Stat. 160/2). "There is no limitation as to the type of actions by a debtor which are barred by the [ILCA], so long as the action is in any way related to a credit agreement." Id. Plaintiffs' fraud claim is based on an oral modification of their existing credit agreement with Defendant, and, therefore, the claim is barred by the ILCA which requires a written agreement in order to state a claim.

| STATEMENT |
|---|

In Count II, Plaintiffs allege that the ILCA violates the Illinois Constitution's prohibition on special legislation, Art. IV, § 13. "This provision prevents the legislature from conferring a special benefit on a person or group to the exclusion of others similarly situated." Nordstrom v. Wauconda Nat'l Bank, 668 N.E.2d 586, 589 (Ill. App. Ct. 1996). Plaintiffs claim that the ILCA supports banks to the detriment of debtors because banks "receive all the benefit and protection of the [ILCA], but share none of the liability." Compl. ¶ 34. While the issue has never been before the Illinois Supreme Court, the Illinois Appellate court has specifically upheld the ILCA in the face of a special legislation challenge, finding that, "[t]he [ILCA's] purpose is to protect depositors of financial institutions, not merely the special interest of the institutions themselves." Nordstrom, 668 N.E.2d at 589. Accordingly, the Court rejects Plaintiffs' argument.

Finally, Plaintiffs allege that the ILCA violates the United States Constitution under the Contract Clause, Due Process, and the Seventh Amendment. The Court rejects Plaintiffs' constitutional claims, however, because Plaintiffs have proffered only undeveloped arguments with bare assertions of violations to various constitutional provisions, some of which are completely unrelated to Plaintiffs' claims. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do' . . . [n]or does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555, 557) (internal citations omitted). Plaintiffs withdrew several of the unrelated constitutional claims themselves within their response brief. See Pl.'s Resp. to Mot. to Dismiss 10 ("Plaintiffs withdraw their claims based on the Takings Clause, Equal Protection Clause, and 42 U.S.C. § 1983 and therefore make no argument in response to Defendant's Motion."). Because Plaintiffs failed to sufficiently state a claim under the United States Constitution, the Court dismisses Count III of the Amended Complaint.

For the foregoing reasons, Defendant's motion to dismiss is granted.

IT IS SO ORDERED.

2012 JUL 10 AM 4:11
U.S. DISTRICT COURT